UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN VUKADINOVICH,            )
                               )
              Plaintiff        )
                               )
         v.                    )   Case No. 2:02 cv 472
                               )
GRIFFITH PUBLIC SCHOOLS, BOARD )
OF TRUSTEES OF GRIFFITH PUBLIC )
SCHOOLS, WILLIAM E. GALL,      )
SUPERINTENDENT OF GRIFFITH     )
PUBLIC SCHOOLS, CROWN POINT    )
SCHOOL CORPORATION, BOARD OF   )
TRUSTEES OF CROWN POINT SCHOOL )
CORPORATION, STEVE SPRUNGER,   )
SUPERINTENDENT OF CROWN POINT  )
SCHOOL CORPORATION, SCHOOL CITY)
OF HAMMOND, BOARD OF TRUSTEES  )
OF SCHOOL CITY OF HAMMOND,     )
DONALD SOHACKI, ASSISTANT      )
SUPERINTENDENT OF SCHOOL CITY  )
OF HAMMOND, and DAVID O.       )
DICKSON, SUPERINTENDENT OF     )
SCHOOL CITY OF HAMMOND,        )
                               )
              Defendants       )

<u>OPINION AND ORDER</u>

This matter is before the court on the Motion for Leave to
File Additional Interrogatories [DE 78] filed by defendants,
Griffith Public Schools, the Board of Trustees of Griffith Public
Schools, Crown Point School Corporation, the Board of Trustees of
Crown Point School Corporation, School City of Hammond, and the
Board of Trustees of School City of Hammond (collectively re-
ferred to as "School Defendants"), on May 6, 2008; the Motion for
Leave to Submit Additional Limited Interrogatories [DE 94] filed

by the plaintiff, Brian Vukadinovich, on August 11, 2008; the Motion for Protective Order [DE 96] filed by the School Defendants on August 20, 2008; the Motion to Compel Adequate and Complete Responses to Requests for Admissions as to Crown Point School Corporation [DE 97] filed by Vukadinovich on August 26, 2008; the Motion to Compel Adequate and Complete Responses to Requests for Admissions as to School City of Hammond [DE 100] filed by Vukadinovich on August 26, 2008; the Motion to Compel Adequate and Complete Responses to Requests for Admissions as to Griffith Public Schools [DE 101] filed by Vukadinovich on August 26, 2008; the Motion to Compel Adequate and Complete Responses to Interrogatories as to School City of Hammond [DE 102] filed by Vukadinovich on August 26, 2008; the Motion to Compel Adequate and Complete Responses to Interrogatories as to Griffith Public Schools [DE 103] filed by Vukadinovich on August 26, 2008; the Motion to Compel Adequate and Complete Responses to Interrogatories as to Crown Point School Corporation [DE 104] filed by Vukadinovich on August 26, 2008; and the Motion for Continuance for Plaintiff's Response to Defendants' Motion for Summary Judgment [DE 132] filed by Vukadinovich on November 5, 2008.

For the reasons set forth below, the School Defendants' Motion for Leave to File Additional Interrogatories [DE 78] is **GRANTED**; Vukadinovich's Motion for Leave to Submit Additional Limited Interrogatories [DE 94] is **GRANTED**; Vukadinovich's Motions to Compel Adequate and Complete Responses to Request for Admission [DE 97, 100, 101] are **DENIED** ; Vukadinovich's Motion to

Compel Adequate and Complete Responses to Interrogatories from Hammond [DE 102] is **GRANTED IN PART** and **DENIED IN PART**; from Griffith [DE 103] is **DENIED**; from Crown Point [DE 104] is **GRANTED IN PART** and **DENIED IN PART**; School Defendants' Motion for Protective Order [DE 96] is **GRANTED IN PART** and **DENIED IN PART**; and the Motion for Continuance for Plaintiff's Response to Defendants' Motion for Summary Judgment [DE 132] is **GRANTED**.

## Background

The procedural history of this cause of action can be found in this court's orders of October 9, 2007, and March 6, 2008. Vukadinovich filed a second Amended Complaint alleging violations of the Age Discrimination in Employment Act by all of the School Defendants. Additionally, Vukadinovich alleges a violation of Title VII of the Civil Rights Act of 1964 by Hammond and the Hammond Board, claiming he was discriminated against based on his national origin.

Vukadinovich, then a 51 year old licensed teacher with several years of teaching experience and a Master of Science Degree, filed an application for employment as an industrial arts teacher with the Griffith public school system for the 2000-01 school year. Vukadinovich alleges that the Griffith Board rejected his application and hired Andrew Oswalt, a younger, less qualified individual. Additionally, Vukadinovich claims that he was passed over for the same position for the 2001-02 school year in favor of Ryan Radtke, another younger, less qualified candidate.

In July 2002, Vukadinovich applied for an Industrial Technology Teacher position at Crown Point for the 2002-03 school year. Vukadinovich claims that he made his interest in the position known to both the school superintendent and the principal of Taft Middle School. Vukadinovich alleges that, after inquiring into his age, the principal advised that it would be futile for Vukadinovich to apply. In addition, Vukadinovich claims that on August 28, 2002, a school secretary called to inform him that he should not go to the school because the school was interested in hiring a younger person. Vukadinovich was passed over in favor of Melanie Horan, a younger, individual who Vukadinovich believes is less qualified.

In August 2002, Vukadinovich applied for a similar position with Hammond and alleges that in a conversation with the principal of Clark Middle/High School, the principal inquired about his nationality and stated that the school intended to hire a younger candidate. The Hammond Board voted to offer the position to Jerald Loza, a younger candidate who Vukadinovich believes is less qualified. Vukadinovich further has alleged that in September 2002, while at the Hammond school administration building, assistant Superintendent Donald Sohacki told Vukadinovich that he would not hire "Serbian scum" like him.

On April 17, 2008, the School Defendants served their First Interrogatories to Plaintiff on Vukadinovich without filing the interrogatories with the court. Vukadinovich objected to the number of interrogatories, and the parties discussed reducing

that number.  Subsequently, on May 6, 2008, the School Defendants filed a Motion for Leave to File Additional Interrogatories, attaching 25 numbered interrogatories as an exhibit, which purportedly are the same as those served on Vukadinovich on April 17.

On August 11, 2008, Vukadinovich filed a Motion to Submit Additional Limited Interrogatories.  The School Defendants did not reply to this motion.  On August 20, 2008, after submitting their supplemental responses, the School Defendants filed a Motion for a Protective Order.  On August 26, 2008, Vukadinovich filed six Motions to Compel, one to each School Defendant seeking adequate and complete responses to admissions and one to each School defendant seeking adequate and complete responses to interrogatories.

## Discussion

Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial. 8 Wright & Miller, *Federal Practice and Procedure* §2001, at 44-45 (2d ed. 1994).  To effectuate these purposes, the federal discovery rules are liberally construed. ***Spier v. Home Insurance Co.***, 404 F.2d 896 (7th Cir. 1968); 8 Wright & Miller, *Federal Practice and Procedure* §2001, at 44 (2d ed. 1994).  When discovery disputes arise, district courts have broad discretion. ***Patterson v. Avery Dennison Corp.***, 281 F.3d 676 (7th Cir. 2002)(citations omitted).  Additionally, courts "should independently determine

the proper course of discovery based upon the arguments of the parties." ***Giles v. United Airlines Inc.***, 95 F.3d 492, 496 (7th Cir. 1996).

The scope of discovery is provided in Federal Rule of Civil Procedure 26(b)(1), which states:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

It is clear that "[t]he minimal showings of relevance and admissibility hardly pose much of an obstacle for an inquiring party to overcome. . . ." ***Humphrey v. Burgos***, 2007 WL 1341045, *2 (N.D. Ind. May 3, 2007)(*quoting **Graham v. Casey's General Stores**, 206 F.R.D. 251, 253 (S.D. Ind. 2002)).

The broad purpose and scope of discovery does not render discovery boundless. Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' re-

6

sources, the importance of the issues at
stake in the action, and the importance of
the discovery in resolving the issues.

The School Defendants have filed a Motion for Leave to File
Additional Interrogatories on Vukadinovich.  Vukadinovich argues
that the School Defendants' motion should be denied because the
defendants have failed to provide a certification in compliance
with Local Rule 37.1(b).  However, Local Rule 37.1(c) goes on to
state: "The court may deny any motion described in subsection (a)
and (b) (except those motions brought by or against a person
appearing *pro se*) if the required certification is not filed."
Vukadinovich is appearing *pro se* in this litigation.  The Motion
for Leave to File Additional Interrogatories is brought against
"a person appearing *pro se*."

Vukadinovich's second argument in opposition to the School
Defendants' motion is that they have failed to file all discovery
in accordance with Local Rule 26.2(e).  Local Rule 26.2(e)
requires that "[i]n *pro se* litigation, all discovery shall be
filed."  This rule provides a safe- guard for such litigation by
allowing the court to oversee the discovery process and prevent
abuse of that process.  However, the rule does not state *when*
such discovery must be filed.  To this effect, courts may permit
discovery to go forward when there is evidence that the discovery
was sent to the *pro se* litigant.  *See **Capitol Records, Inc. v.
Koyate**, 2008 WL 2857237 (N.D. Ind. July 22, 2008)(permitting an
unfiled and unanswered request for admissions to serve as undis-
puted facts for summary judgment where the party submitted a

sworn declaration that the written discovery was sent on a specified day).

The School Defendants filed 25 numbered interrogatories simultaneously with the instant motion, with an unsigned certificate of service attached, indicating that they were mailed to Vukadinovich on April 17, 2008. Additionally, and more importantly, in his response, Vukadinovich acknowledges that he received the interrogatories. Because the interrogatories included a signed Certificate of Service made to Vukadinovich and Vukadinovich undeniably received such service (as evidenced by the attached copies of the interrogatories to his motion), no prejudice has occurred.

Federal Rule of Civil Procedure 33(a)(1) states that "[l]eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Thus, a party may petition the court for an order allowing it to serve additional interrogatories subject to the limits of discovery. The court approaches the issue of whether a party may serve more than 25 interrogatories on a case-by-case basis. *Duncan v. Paragon Publishing, Inc.*, 204 F.R.D. 127, 128 (S.D. Ind. 2001) (citation omitted).

In this case, Vukadinovich has brought suit against three school corporations and their board of directors in a 48 paragraph amended complaint alleging four different instances of discrimination. The School Defendants seek to serve 25 numbered interrogatories on Vukadinovich. Though the court recognizes

8

that Rule 33 allows service of 25 discrete interrogatories, if subparts here are counted separately, the interrogatories in fact number over 25. However, based on the complexity of the suit, the number of defendants, and the separate factual predicates involved in Vukadinovich's claims, the court finds that the School Defendants have shown the requisite need to serve additional interrogatories.

Moreover, the court finds that the interrogatories are consistent with the requirements of Rule 26 and are not excessive, oppressive, or overly burdensome. Seventeen of the numbered interrogatories relate to specific paragraphs of Vukadinovich's complaint; the remaining interrogatories seek relevant general information. Thus, the School Defendants' Motion for Leave to Serve Additional Interrogatories is GRANTED.

Vukadinovich's Motion for Leave to Submit Additional Limited Interrogatories to the School Defendants seeks permission to serve one additional interrogatory on Crown Point, two additional interrogatories on Griffith, and one additional interrogatory on Hammond. Because the School Defendants filed no response in opposition, Vukadinovich's Motion for Leave to Submit Additional Limited Interrogatories on the School Defendants is GRANTED.

Vukadinovich has brought six motions to compel more adequate and complete answers to requests for admission and interrogatories, claiming that the School Defendants have failed to make complete answers. "The failure to disclose, which includes providing evasive or incomplete answers, is properly remedied by

an order compelling discovery." *Humphrey*, 2007 WL 1341045 at *2 (citations omitted). A party objecting to a specific discovery request has the burden of showing why it is improper. *Humphrey*, 2007 WL 1341045 at *2 (*citing* *Meyer v. Southern Pacific Lines*, 199 F.R.D. 610, 612 (N.D. Ill. 2001)). "That burden cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is 'neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'" *Humphrey*, 2007 WL 1341045 at *2 (*quoting* *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506 at *6 (N.D. Ill. 2006)(internal quotations and citations omitted)).

A proper request for admission is "simple, direct, and concise so they may be admitted or denied with little or no explanation or qualification." *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008)(*citing* *United Coal v. Powell Construction*, 839 F.2d 958, 967-68 (3rd Cir. 1988)). Federal Rule of Civil Procedure 36(a) provides:

> Each matter must be separately stated. . . .
> If a matter is not admitted, the answer must
> specifically deny it or state in detail why
> the answering party cannot truthfully admit
> or deny it. A denial must fairly respond to
> the substance of the matter; and when good
> faith requires that a party qualify an answer
> or deny only a part of a matter, the answer
> must specify the part admitted and qualify or
> deny the rest. The answering party may assert
> lack of knowledge or information as a reason
> for failing to admit or deny only if the
> party states that it has made reasonable
> inquiry and that the information it knows or
> can readily obtain is insufficient to enable
> it to admit or deny.

Also, Rule 36 limits the ability of a party to raise an objection to a request for an admission. "The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." Rule 36(a)(5). Moreover, Rule 36(a)(6) provides:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

It is clear that if a party feels that there are factual inconsistencies in a response to a request for admission, he is permitted to raise these inconsistencies during summary judgment or at trial. *Wilson v. Kautex*, 2007 WL 2406917 at *1 (N.D. Ind. 2007)(citations omitted); *Mayes v. City of Hammond, Ind.*, 2006 WL 2251877 at *2 (N.D. Ind. Aug. 1, 2006). If the requesting party can prove the inconsistencies during summary judgment or at trial, he may move the court for reasonable expenses. *Mayes*, 2006 WL 2251877 at *2.

Vukadinovich seeks more adequate and complete responses to his request for admissions propounded to Crown Point. Specifically, Vukadinovich seeks more adequate responses to Nos. 1, 5, 17, 19, 23, 25, 26, 27, 28, 29, and 30. However, Crown Point satisfactorily has either admitted or denied each of the admissions. Only No. 23 was objected to and left unanswered, that admission stating: "That Melanie Horan was considered as a young person when she was hired by the Crown Point School Corporation

11

in 2002." The statement is vague and unclear in its meaning, and as such, the court will not compel Crown Point to answer it. Therefore, this Motion to Compel also is DENIED.

Next, Vukadinovich seeks more adequate and complete responses to the request for admissions propounded to Hammond. Specifically, Vukadinovich seeks more adequate responses to request Nos. 1, 9, 10, 12, 16, 18, 21, 23, 26, 28, and 30. Again, Hammond has either admitted or denied each statement. Many of the statements for which Vukadinovich seeks new answers do not conform to the "simple, direct, and concise" form required of admissions. Many of the statements are complex, conclusory, and vague. Hammond's answers, whether admissions or denials, are acceptable, and the Motion to Compel admissions from Hammond is DENIED.

Vukadinovich also has sought to compel more adequate responses to his requests for admissions propounded on Griffith. Specifically, Vukadinovich seeks more adequate responses to requests No. 3, 5, 11, 12, 18, 21, 23, 24, 26, 27, 29, and 30. Many of the admissions are compound and include conclusory statements, but Griffith adhered to the standard and either admitted or denied each, albeit with qualifications for several. Only No. 18 appears inconsistent with other discovery evidence. Vukadinovich is free to prove this inconsistency during summary judgment or at trial. All other answers from Griffith are taken as they were given, and the Motion to Compel More Adequate Responses is DENIED.

Vukadinovich also has asked this court to order the School Defendants to provide more adequate and complete answers to the interrogatories propounded on each of the School Defendants. Rule 33(b)(3) provides in relevant part:

> Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. . . . The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. . . . The person who makes the answers must sign them, and the attorney who objects must sign any objections.

Additionally, Rule 33(d) allows a party to produce business records as an alternative response. Specifically, Rule 33(d) provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

The mere fact that information may be available to the public does not relieve a party from producing the sought information. ***Meyer v. Southern Pacific Lines***, 199 F.R.D. 610, 615 (N.D. Ill. 2001).

Vukadinovich seeks to compel more adequate responses to his interrogatories propounded on Hammond. Specifically, Vukadinovich seeks more adequate responses to Interrogatory Nos. 5, 6, 8, 13, 14, 15, 19, 20, 22, 23, and 24.

Interrogatory Nos. 5 and 6 seek information related to Hammond policies on filling teaching vacancies. Hammond's answer to both was "See policy." Such an answer does not fulfill the requirements under Rule 33(d), which requires identification of the records with sufficient detail that the plaintiff will be able to locate and identify the document. However, in its response to this motion, Hammond has identified the Board policies in a manner that should enable Vukadinovich to locate and review them. Thus, Vukadinovich's Motion to Compel as to Interrogatory Nos. 5 and 6 are DENIED AS MOOT.

Interrogatory Nos. 8, 13, 14, 15, 19, 20, 23, and 24 are answered sufficiently either in the original answer or in Hammond's supplemental answers, and therefore, as to each, the Motion to Compel is DENIED.

Interrogatory No. 22 seeks information related to the names, addresses, phone numbers, and job descriptions of those individuals Hammond believes have knowledge of Vukadinovich's claims. Hammond provided a list of individuals, but as Vukadinovich indicates, Hammond failed to provide job titles of these individuals. In its response, Hammond asserts that because it is readily accessible, it is relieved of its burden to provide the requested information. However, the availability of the information to the

general public does not in itself relieve Hammond from providing the information.  *Meyer,* 199 F.R.D. at 615.  Therefore, Vukadinovich's Motion to Compel as to Interrogatory No. 22 is GRANTED. Hammond is ordered to respond to the interrogatory with job titles of each listed individual.

Accordingly, the court GRANTS IN PART and DENIES IN PART Vukadinovich's Motion to Compel More Adequate and Complete Responses to Interrogatories as to Hammond.  Specifically, the court GRANTS Vukadinovich's Motion to Compel Adequate and Complete Responses to Interrogatory No. 22.  All other requests of Hammond as to the remaining interrogatories are DENIED.

Next, Vukadinovich has sought to compel more adequate responses to his interrogatories propounded on Griffith.  Specifically, Vukadinovich challenges responses to Interrogatory Nos. 6, 7, 9, 10, 14, and 23.

Interrogatory Nos. 6 and 7 seek information relating to policies in place at the time of Vukadinovich's application. Griffith's original answers to these interrogatories stated "See policies."  In subsequent communications, Griffith indicated that Policy 3120 is the policy in question and that Vukadinovich has been provided a copy of Policy 3120 in response to a request for production.  Thus, the answer is sufficient, and the motion to compel further response is DENIED.

Interrogatory Nos. 9, 10, and 14, which expand upon Interrogatory No. 8, seek information related to whether Oswalt showed evidence of a completed four year degree and certification prior

to Griffith entering into a contract with Oswalt.  If the answer
to No. 8 was "Yes," Griffith was to provide the nature and source
of the evidence in Interrogatory No. 9.  Griffith answered by
incorporating its original answer to Interrogatory No. 8, which
stated that Oswalt completed his student teaching during the
first semester and was a certified Industrial Technology teacher
in the second semester of the 2000-01 school year, which clearly
makes the answer to Interrogatory No. 8 "No."[1]  Therefore,
Vukadinovich's Motion to Compel as to Interrogatory No. 9 is
DENIED.  Likewise, Interrogatory Nos. 10 and 14 are answered by
Interrogatory No. 8, and the Motion to Compel as to both is
DENIED.

Interrogatory No. 23 seeks information as to whether any
person ever submitted any notice of claims, claims, lawsuits, or
threats to sue or take action regarding allegations of employment
discrimination, wrongful hiring, or termination matters. If
"Yes," the request asks for background information, including
among other things, the names of the person for each instance.
Griffith has provided information relating to two claims brought
by custodians of the district.  However, Griffith did not provide
the names of those who brought the actions.  Discovery of these
names, like all discovery, is limited to "any nonprivileged
matter that is relevant to any party's claim or defense."  Rule
26(b)(1).  It is difficult to see how claims from custodians of

---

[1]

 Oswalt could not have completed a four-year degree yet if he still was doing
his student teaching.

gender discrimination and sexual harassment have any relevance to this case, which is based on age discrimination and discrimination based on national origin in the hiring of teachers. Vukadinovich has not shown why these individuals' names are relevant to this proceeding. Therefore, Vukadinovich's Motion to Compel as to Interrogatory No. 23 is DENIED.

Accordingly, the court DENIES Vukadinovich's Motion to Compel More Adequate and Complete Responses to Interrogatories as to Griffith.

Last, Vukadinovich has sought to compel more adequate responses to his interrogatories propounded on Crown Point. Specifically, Vukadinovich seeks more adequate responses to Interrogatory Nos. 6, 19, 22, 23, and 24.

Interrogatory No. 6 seeks information related to Crown Point policies on filling teaching vacancies. Crown Point's answer to this interrogatory was "See policies." Such an answer does not fulfill the requirements under Rule 33(d), which requires identification of the records with sufficient detail that the plaintiff will be able to locate and identify the document. Since Crown Point's answer is inadequate, Vukadinovich's Motion to Compel as to Interrogatory No. 6 is GRANTED.

Crown Point has answered Interrogatory Nos. 19 and 22 sufficiently. Interrogatory Nos. 23 and 24 seek information related to previous litigation brought against Crown Point by individuals and investigations by governmental agencies or unions regarding employment discrimination, wrongful hiring, or termina-

tion matters since the year 2000. Crown Point objected to the interrogatories, claiming the interrogatories were overly broad and not limited to relevant time periods. Crown Point, answering without waiving its objection, stated that no claims have been filed, which Vukadinoch does not dispute. Therefore, Vukadinovich's motion to compel as to Interrogatory Nos. 23 and 24 is DENIED.

Accordingly, the court GRANTS IN PART and DENIES IN PART Vukadinovich's Motion to Compel More Adequate and Complete Responses to Interrogatories as to Crown Point. Specifically, the court **GRANTS** Vukadinovich's Motion to Compel Adequate and Complete Responses to Interrogatory No. 6. Crown Point is ordered to amend its response to Interrogatory No. 6 in order to more fully answer the question by identifying the policy in question. All others requests as to interrogatories are **DENIED**.

The School Defendants have requested a protective order, claiming that certain requests for production and interrogatories filed by Vukadinovich are not reasonably calculated to lead to admissible evidence, are unrelated to the matter before the court, and are unduly burdensome. The School Defendants seek an order stating that their answers to these requests be deemed sufficient and ending written discovery for Vukadinovich. Because Rule 26 allows for the discovery of any non-privileged, relevant information, the threshold inquiry is whether the requested documents are relevant. Vukadinovich has requested the production of applications for teaching positions and the person-

nel files of the successful applicants at Crown Point and Griffith and applications for teaching positions at Hammond.

As to the production of all applications, these documents are clearly relevant. The School Defendants' choice, out of a pool of applicants, may provide evidence of age discrimination *See, e.g.,* **Leibforth v. Belvidere Nat. Bank**, 2001 WL 649596 at \*4 (N.D. Ill. 2001)(finding production of all resumes, CV's and/or applications relevant to age or gender discrimination claims)

The court must determine whether personnel files of the hired candidates in an ADEA case are relevant. "Personnel records are not a legitimate category of confidential information, barring exceptional circumstances. . . . In general, employment records are freely discoverable in discrimination cases." **Ezell v. Potter**, 2006 WL 1094558 at \*2 (N.D. Ind. March 16, 2006) (internal citations omitted). Though personnel files are freely discoverable, certain information can be redacted if it has no relevancy to the pending litigation. *Id.* at \*3. Specifically, a party "may redact unlisted addresses and telephone numbers, marital status and information regarding children, social security numbers, wage information, medical and health insurance information, criminal history, credit information, and information regarding work problems unrelated to the plaintiff's claims." *Id.*

Having established that the applications and the personnel files of the successful applicants are relevant, the court must determine if a protective order is proper under these circum-

stances.  A court has discretion in issuing and fashioning a protective order for the benefit of a party.  ***Bell v. Woodward Governor Co.***, 2005 WL 289963 at *3 (N.D. Ill. Feb. 7, 2005).  Rule 26(c) allows a court to "issue a protective order to shield a party from annoying, embarrassing, oppressing, or unduly burdensome discovery" for good cause.  ***Ezell***, 2006 WL 1094558 at *1. The burden is on the party seeking the protective order to demonstrate the grounds for its issuance.  ***Wilson,*** 2008 WL 89881 at *2 (*quoting **Hogdon v. Northwestern University***, 245 F.R.D. 337, 341 (N.D. Ill. 2007)).  In order to establish good cause, the moving party must provide more than conclusory statements; the party must provide particular and specific factual basis for issuance of the protective order.  ***Wilson***, 2008 WL 89881 at *3 (citations omitted).

Vukadinovich seeks production of applications for teaching positions at Crown Point, Griffith, and Hammond.  Specifically, Vukadinovich seeks production of all applications for Industrial Arts positions from 2002-2003 to the present and all applications for teaching positions from 2000 to present from Crown Point; all teaching applications from 2000 to present from Griffith; and all Industrial Technology Education application materials from 2002 to present and all teaching applications from 2000 to present from Hammond.  The School Defendants assert that the requests are unduly burdensome as there are thousands of requested applications from Crown Point, hundreds of requested applications from Griffith, and hundreds of applications from Hammond.  However,

because evidence relating to district-wide practices may reveal patterns of discrimination, discovery of who was hired and from what pool of applicants is relevant.

Additionally, Vukadinovich requested the personnel files of Melanie Horan and Andrew Oswalt, the successful applicants for the positions he applied for, from Crown Point and Griffith respectively. The two public schools provided Vukadinovich with all application materials and licenses at the time of employment for both individuals. Though the court agrees with the School Defendants that the performance evaluations and insurance information of Horan and Oswalt are not reasonably calculated to lead to the discovery of admissible evidence, the remainder of their personnel files is relevant. Furthermore, neither party has indicated what was included in the "application materials" that the two schools provided Vukadinovich. For these reasons, Crown Point shall produce Horan's personnel file and Griffith shall produce Oswalt's personnel file. However, Vukadinovich is not entitled to the full contents of the personnel files. Consistent with *Ezell,* the two school systems may redact unlisted addresses and telephone numbers, marital status and information regarding children, social security numbers, wage information, medical and health insurance information, criminal history, credit information, and all other information not specifically related to Vukadinovich's claims.

The School Defendants' final request is an end to written discovery. Since September 30, 2008 marked the end of written

discovery, all further written discovery will be pursuant to court order.  Accordingly, this request is DENIED AS MOOT.

Therefore, the School Defendants' Motion for Protective Order is GRANTED IN PART and DENIED IN PART.

———————————————

For the foregoing reasons, the Motion for Leave to Serve Additional Interrogatories [DE 78] filed by the School Defendants on May 6, 2008, is **GRANTED;** the Motion for Leave to Submit Additional Limited Interrogatories [DE 94] filed by Vukadinovich on August 11, 2008, is **GRANTED;** the Motion to Compel Adequate and Complete Responses to Requests for Admission as to Crown Point [DE 97] filed by Vukadinovich on August 26, 2008, is **DENIED;** the Motion to Compel Adequate and Complete Responses to Requests for Admission as to Hammond [DE 100] filed by Vukadinovich on August 26, 2008, is **DENIED;** the Motion to Compel Adequate and Complete Responses to Requests for Admission as to Griffith [DE 101] filed by Vukadinovich on August 26, 2008 is **DENIED;** the Motion to Compel Adequate and Complete Responses to Interrogatories as to Hammond [DE 102] filed by Vukadinovich on August 26, 2008, is **GRANTED IN PART** and **DENIED IN PART;** the Motion to Compel Adequate and Complete Responses to Interrogatories as to Griffith [DE 103] filed by Vukadinovich on August 26, 2008, is **DENIED;** the Motion to Compel Adequate and Complete Responses to Interrogatories as to Crown Point [DE 104] filed by Vukadinovich on August 26, 2008, is **GRANTED IN PART** and **DENIED IN PART;** the Motion for a Protective Order [DE 96] filed by the School Defendants on August 20,

2008, is **GRANTED IN PART** and **DENIED IN PART;** and the Motion for Continuance for Plaintiff's Response to Defendants' Motion for Summary Judgment [DE 132] filed by Vukadinovich on November 5, 2008, is **GRANTED.**

The parties are given ten (10) days following the issuance of this order in which to complete the discovery directed by this order. From that date, the plaintiff is given thirty (30) days in which to file his response to defendants' Motion for Summary Judgment.

ENTERED this 5th day of December, 2008

s/ ANDREW P. RODOVICH
United States Magistrate Judge