```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


BRIAN VUKADINOVICH,              )
                                 )
            Plaintiff            )
                                 )
       v.                        )   Case No. 2:02 cv 472
                                 )
GRIFFITH PUBLIC SCHOOLS, BOARD   )
OF TRUSTEES OF GRIFFITH PUBLIC   )
SCHOOLS, WILLIAM E. GALL,        )
SUPERINTENDENT OF GRIFFITH       )
PUBLIC SCHOOLS, CROWN POINT      )
SCHOOL CORPORATION, BOARD OF     )
TRUSTEES OF CROWN POINT SCHOOL   )
CORPORATION, STEVE SPRUNGER,     )
SUPERINTENDENT OF CROWN POINT    )
SCHOOL CORPORATION, SCHOOL CITY  )
OF HAMMOND, BOARD OF TRUSTEES    )
OF SCHOOL CITY OF HAMMOND,       )
DONALD SOHACKI, ASSISTANT        )
SUPERINTENDENT OF SCHOOL CITY    )
OF HAMMOND, and DAVID O.         )
DICKSON, SUPERINTENDENT OF       )
SCHOOL CITY OF HAMMOND,          )
                                 )
            Defendants           )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Quash Subpoenas Duces Tecum to Non Parties [DE 119] filed by the plaintiff, Brian Vukadinovich, on September 24, 2008. For the reasons set forth below, this motion is **DENIED**.

### Background

The history of this case to this point is discussed in the courts Opinion and Order of December 5, 2008.

On September 24, 2008, Vukadinovich filed his Motion to Quash Subpoenas Duces Tecum to Non Parties, attacking nine subpoenas that the defendants served upon nine parties, seeking employment records of Vukadinovich. The subpoenas, dated September 17, 2008, request the production of documents within 30 days and do not require an appearance by any of the non parties. Vukadinovich challenges several aspects of the subpoenas: that the 30 day window for production exceeds the discovery deadline set by the court; that the subpoenas were not filed on the docket contemporaneously with their service; that the production requested is irrelevant to the proceedings; that counsel for defense should have accessed the information from her former clients via her own records rather than via subpoena; and that the burden or expense of the production requests outweighs the benefit.

On September 29, 2008, the defendants filed notice of the subpoenas on the court docket, noting that each production request also was timely served on Vukadinovich as evidenced by the certificate of service. The defendants also argue that the information regarding Vukadinovich's previous employment is relevant to his employment-related claims here and that it would be improper for counsel to disclose information from her former representation of any third parties. Defense counsel also asks the court to strike comments made in Vukadinovich's memorandum that are unnecessarily personal, false, and disrespectful towards her.

## Discussion

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that "[o]n timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected material and no exception or waiver applies." Further, "the party seeking to quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D. Ill. 2007). However, implicit in the rule is the requirement that a subpoena seek relevant information. *See Stock v. Integrated Health Polan, Inc.*, 241 F.R.D. 618, 621-22 (S.D. Ill. 2007); *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1).") Relevancy under this rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Sanyo Laser Products, Inc. v. Arista*

***Records, Inc.***, 214 F.R.D. 496, 502 (S.D. Ind. 2003). *See **Adams v. Target**,* 2001 WL 987853 at *1 (S.D. Ind. 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). *See also **Shapo v. Engle**,* 2001 WL 629303 at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

Local Rule 26.2(e) provides, "In *pro se* litigation, all discovery shall be filed." This rule provides a safeguard in such litigation by allowing the court to oversee the discovery process and prevent abuse of that process. However, the rule does not state *when* such discovery must be filed. Because the nine subpoenas each included a signed Certificate of Service made to Vukadinovich, and because Vukadinovich undeniably received such service (as evidenced by the attached copies of nine subpoenas to his motion filed five days before defendants filed the discovery on the court's docket), no prejudice has occurred. The notice of the subpoenas therefore was timely filed. *See, e.g., **Capitol Records, Inc. v. Koyate**,* 2008 WL 2857237 at *3 n.2 (N.D. Ind. 2008)(finding counsel's sworn representation that written discovery was sent to the *pro se* defendant satisfied Local Rule 26.2(e)).

The subpoenas seeking documents from a third-party under Rule 45(a)(1)(C) are discovery devices subject to the scheduling order of the court, and even in the compelling of third-party production of documents, a subpoena should not be employed after a discovery deadline to obtain materials that could have been

produced during discovery.  ***Dreyer v. GACS, Inc.***, 204 F.R.D. 120, 122-23 (N.D. Ind. 2001).  Here, the subpoenas were issued 13 days before the discovery deadline, and several of the parties served already had complied before the deadline of September 30, 2008.  Subpoenas are required to allow time for a response before discovery deadlines in an effort to enforce fair dealings between the parties.  Thus, one party cannot submit a last-minute discovery request on its opponent on the eve of a deadline, forcing discovery disputes and compliance well after the deadline.  However, because here the subpoenas are directed to third-parties, there is no unfair advantage or prejudice to Vukadinovich.

Vukadinovich denies that employment documents from past employers could be relevant to the age discrimination at hand.  However, the method of proof in employment discrimination allows, depending on the scheme applied, defenses such as legitimate, non-discriminatory reasons for not hiring an applicant, legitimate business goals which preclude applicant's hiring, or any reasonable factor other than age.  *See generally* Ivan Bodensteiner & Rosalie Berger Levinson, *3 State and Local Government Civil Rights Liability*, Ch. 7 Employment Discrimination:  The Age Discrimination in Employment Act (Thompson West 2008).  Because Vukadinovich's cause of action involves his qualifications for the jobs, the defendants are permitted to obtain information relating to those qualifications in preparation of their defense.  The discovery requests for documents regarding his employment are

5

very relevant to the claims of Vukadinovich and the defenses of the school districts.

As for the contention that defense counsel should simply rely on her professional knowledge of Vukadinovich's legal disputes with former employers and should produce the documents generated by those disputes, this is not a valid reason to quash the subpoenas. Without expounding on the legal ethics involved, defense counsel acted properly by subpoenaing the documents from the third-parties rather than by producing documents generated for them in prior litigation. The third parties are entitled to know that their records may be used in this case.

Likewise, Vukadinovich asserts that the burden and expense of producing the requests for documents outweighs the benefits of production. This argument would be applicable if any of the third-parties asserted it. *See, e.g., **WM High Yield v. O'Hanlon***, 460 F.Supp.2d 891, 895 (S.D. Ind. 2006)("Where the moving party shows that a subpoena duces tecum subjects *it* to an undue burden . . . , a court shall modify or quash it pursuant to Fed.R.Civ.P. 45(c)(3)(A)." (emphasis added) (*citing* **CSC Holdings, Inc. v. Redisi**, 309 F.3d 988, 993 (7th Cir. 2002)). Consequently, the burden argument does not apply to Vukadinovich.

Last, the various motions and memoranda from Vukadinovich include jabs aimed at defendants' counsel as well as various rants which stray from the legal issues at hand. The Local Rules include an Appendix, in which the Standards for Professional

Conduct Within the Seventh Federal Judicial Circuit are applicable to all parties.  The Preamble sets forth:

> A lawyer's conduct should be characterized at all times by personal courtesy and professional integrity in the fullest sense of those terms. . . .
>
> Conduct that may be characterized as uncivil, abrasive, abusive, hostile, or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully, and efficiently.  Such conduct tends to delay and often to deny justice. . . .
>
> These standards should be reviewed and followed by all judges and lawyers participating in any proceeding in this Circuit.
>
> (Local Rules, Appendix B)

Though Vukadinovich is a *pro se* litigant, he is expected to conduct himself in a manner consistent with these Standards.  *See* ***Villa v. City of Chicago***, 1986 WL 13728 at *1 n.2 (N.D. Ill. 1986)("Plaintiff, a pro se litigant, is held to the same standards of professional conduct as an attorney . . . ."). Vukadinovich therefore is formally WARNED that any further personal disrespect displayed in any form before the court will result in the imposition of sanctions.

_____

For the foregoing reasons, the Motion to Quash the Subpoenas Duces Tecum filed by the plaintiff, Brian Vukadinovich, on September 24, 2008, is **DENIED.**

ENTERED this 10th day of December, 2008

                                    s/ ANDREW P. RODOVICH
                                       United States Magistrate Judge