```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


BRIAN VUKADINOVICH,              )
                                 )
            Plaintiff            )
                                 )
       v.                        )   Case No. 2:02 cv 472
                                 )
GRIFFITH PUBLIC SCHOOLS, BOARD   )
OF TRUSTEES OF GRIFFITH PUBLIC   )
SCHOOLS, WILLIAM E. GALL,        )
SUPERINTENDENT OF GRIFFITH       )
PUBLIC SCHOOLS, CROWN POINT      )
SCHOOL CORPORATION, BOARD OF     )
TRUSTEES OF CROWN POINT SCHOOL   )
CORPORATION, STEVE SPRUNGER,     )
SUPERINTENDENT OF CROWN POINT    )
SCHOOL CORPORATION, SCHOOL CITY  )
OF HAMMOND, BOARD OF TRUSTEES    )
OF SCHOOL CITY OF HAMMOND,       )
DONALD SOHACKI, ASSISTANT        )
SUPERINTENDENT OF SCHOOL CITY    )
OF HAMMOND, and DAVID O.         )
DICKSON, SUPERINTENDENT OF       )
SCHOOL CITY OF HAMMOND,          )
                                 )
            Defendants           )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Rule 37 Sanctions [DE 138] filed by the plaintiff, Brian Vukadinovich, on November 21, 2008. For the reasons set forth below, this motion is **DENIED**.

### Background

The history of this case is discussed in the court's Orders of December 5, 2008, and December 10, 2008.

On November 21, 2008, Vukadinovich filed his Motion for Rule 37 Sanctions, requesting appropriate sanctions against a defendant, School City of Hammond, for its inability to produce a signed copy of its contract with Jerald Loza. Loza is the teacher hired by Hammond for the 2002-03 school year for a position that Vukadinovich claims he was more qualified to teach, but was not given due to age discrimination. In his Memorandum of Law in Support of sanctions, Vukadinovich argues that Hammond failed to preserve essential evidence with knowledge of its importance, based upon his repeated threats to sue the school at the time of the hiring. (Pltf. Mem. of Law, pp. 5-6) Vukadinovich attaches to this Memorandum a copy of the Notice of Appointment addressed to Loza, the school's unsigned file copy of Loza's contract, and an email from defendant's counsel explaining that Hammond has been unable to locate a signed copy of the contract. (Pltf. Attachs. 1-3)

Hammond responds that after conducting a diligent search, it simply cannot locate a signed contract. Hammond further explains that Vukadinovich's threats to sue for the hiring of "an unqualified person" were all based upon his knowledge that Loza had been offered the position at an earlier date which is confirmed by the documents provided. Therefore, it argues that the lack of a signed contract is irrelevant to the matter here.

Vukadinovich replies that the date on which Loza signed the contract is essential, as it represents the date of Loza's "actual hiring." He argues that the contract was signed after he

himself had applied for the same position and that knowledge of the date of signing is "crucial" to his case. (Pltf. Reply p. 2)

## Discussion

"[C]ourts have found a spoliation sanction to be proper only where a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent." *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). "An employer's destruction of or inability to produce a document, standing alone, does not warrant an inference that the document, if produced, would have contained information adverse to the employer's case." *Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002). To draw such inference, the "party must have destroyed documents in bad faith." *Park*, 297 F.3d at 615. Likewise, sanctions may be imposed when a party persistently fails to comply with discovery orders and "displays wilfulness, bad faith or fault" in doing so. *Crabtree v. National Steel Corp.*, 261 F.3d 715, 720 (7th Cir. 2001).

Here, though as asserted, Vukadinovich was "crystal clear" in his intent to sue Hammond if he was not hired, there is no evidence of a bad faith destruction of the contract. The documents provided make apparent the timeline involved in the hiring process. Vukadinovich provides a Notice of Appointment dated August 21, 2002, sent from Hammond to Loza, confirming his offer and with the contract enclosed. (Pltf. Attach. 1) He also includes with his motion a copy of the contract – unsigned – stamped with the date August 22, 2003, and the phrase "No Signed

3

Contract Has Been Returned." (Pltf. Attach. 2) Both documents were provided by Hammond in discovery. It is not unreasonable to believe that if Hammond did not have on file a signed copy of Loza's contract a year and a day after his employment offer, it is unable to locate one after five more years have passed. The provision of these documents negates any inference of bad faith spoliation of documents by Hammond and gives Vukadinovich evidence pertinent to his claim.

All questions involving when an offer was made to Loza and if and when Loza signed a contract to that effect are questions to be worked out in summary judgment or at trial. The further differences of opinion between the plaintiff and the defendant are to be reconciled by this litigation and do not warrant sanctions. Because there is no evidence of wilfulness, bad faith, or fault by Hammond, the plaintiff's Motion for Rule 37 Sanctions is DENIED.

_____

For the aforementioned reasons, the Motion for Rule 37 Sanctions [DE 138] filed by the plaintiff, Brian Vukadinovich, on November 21, 2008, is **DENIED.**

Entered this 18ᵗʰ day of December, 2008.

                                s/ Andrew P. Rodovich
                                United States Magistrate Judge