<pre>
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
</pre>

| | |
|---|---|
| BRIAN VUKADINOVICH, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No.: 2:02-CV-472 JVB |
| ) | |
| CROWN POINT SCHOOL CORPORATION, ) | |
| CROWN POINT SCHOOL CORPORATION ) | |
| BOARD OF TRUSTEES, et al. ) | |
| ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This is the second of three orders regarding the Defendants' Motion for Summary Judgment (DE 129).[1] This order relates to Plaintiff Brian Vukadinovich's claims against Defendants Crown Point School Corporation and Crown Point School Corporation Board of Trustees.

Vukadinovich filed this action on November 26, 2002, alleging violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 *et seq*. After various lengthy procedural delays, including a monetary sanction imposed by the Court of Appeals for the Seventh Circuit, which Vukadinovich eventually paid, the motion for summary judgment is ripe for review.

Vukadinovich alleges that there was an opening for an industrial technology teacher with Crown Point in July 2002, for the upcoming 2002–2003 school year. Vukadinovich alleges that

---

[1]There are six defendants in this case: Griffith Public Schools, Griffith Public Schools Board of Trustees, Crown Point Community School Corporation, Crown Point Community School Corporation Board of Trustees, School City of Hammond, School City of Hammond Board of Trustees. Although the Griffith, Crown Point, and Hammond entities are not related, they have been represented in this lawsuit by the same counsel and have filed a single motion for summary judgment, wherein each claims separate grounds for prevailing against Vukadinovich. For the sake of clarity, the Court will rule on each entity's contentions in separate orders.

he was qualified for this position. He claims that the Principal, Michael Hazen, spoke to him and inquired as to his age and experience, and then indicated that Crown Point would be hiring a less experienced person. Vukadinovich further alleges that an appointment had been made for Vukadinovich to speak with the Principal about the position but this was subsequently canceled, and the Principal's secretary advised Vukadinovich that there was no point in his coming for an interview because the school would be hiring a younger and less experienced person. On August 20, 2002, Crown Point hired Melanie Horan. Vukadinovich insists that age was a motivating factor in hiring this candidate.

Having employed the familiar standard for summary judgment motions and the standard for age discrimination claims, the Court finds that Vukadinovich has created a genuine issue of material fact as to whether Crown Point School Corporation did not hire him because of his age. Vukadinovich testified during his deposition that Principle Hazen asked him about his age and then personally told him that the school was looking for someone younger and that he should not bother applying. He also testified that Hazen's secretary cancelled his appointment with Hazen, telling him that Hazen instructed her to inform him that a younger person would be hired. Crown Point's response to these statements is that they are incredible and that they are hearsay. Incredible though they may be, they are not hearsay. *See* Fed. R. Evid. 801(d)(2). However, because the Court does not assess the credibility of the witnesses at the summary judgment stage and because party admissions circumvent the hearsay exclusion, the Court has no option but to deny Crown Point School's motion for summary judgment.

Accordingly, the Court denies Defendants Crown Point School Corporation and Crown Point School Corporation Board of Trustees' motion for summary judgment. The Court has

addressed the motions from the remaining defendants in separate orders. *See* Fn.1 *supra*.

Confident that the Jury can separate the wheat from the chaff, the Court sets a trial scheduling teleconference for Tuesday, April 6, 2010, at 2:00 pm. The Court will initiate the call.

SO ORDERED on March 25, 2010.

s/ Joseph Van Bokkelen  
Joseph Van Bokkelen  
United States District Judge