# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| BRIAN VUKADINOVICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.: 2:02-CV-472 JVB |
| | ) | |
| SCHOOL CITY OF HAMMOND, | ) | |
| SCHOOL CITY OF HAMMOND BOARD | ) | |
| OF TRUSTEES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This is the third of three orders regarding the Defendants' Motion for Summary Judgment (DE 129).[1] This order relates to Plaintiff Brian Vukadinovich's claims against Defendants School City of Hammond and School City of Hammond Board of Trustees.

Vukadinovich filed this action on November 26, 2002, alleging violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 *et seq*. He later added a claim against the Hammond Defendants for discrimination on the basis of national origin. Also, on January 21, 2009, Vukadinovich filed a "Motion to Strike Hammond Defendants' Exhibit." After various lengthy procedural delays, including a monetary sanction imposed by the Court of Appeals for the Seventh Circuit, which Vukadinovich eventually paid, the motion for summary judgment is ripe for review.

---

[1]There are six defendants in this case: Griffith Public Schools, Griffith Public Schools Board of Trustees, Crown Point Community School Corporation, Crown Point Community School Corporation Board of Trustees, School City of Hammond, School City of Hammond Board of Trustees. Although the Griffith, Crown Point, and Hammond entities are not related, they have been represented in this lawsuit by the same counsel and have filed a single motion for summary judgment, wherein each claims separate grounds for prevailing against Vukadinovich. For the sake of clarity, the Court will rule on each entity's contentions in separate orders.

Vukadinovich alleges in his Amended Complaint that, in August 2002, Hammond gave

notice that it was accepting applications for the position of an industrial technology teacher at

Clark Middle/High School. Vukadinovich alleges that he was qualified for this position.

Vukadinovich further alleges that on August 22, 2002, he emailed and corresponded with

Hammond officials informing them of his interest in the position. Vukadinovich also claims that

on that same day he spoke with the Principal of Clark Middle/High School, Todd Kadolph,

who—according to Vukadinovich—commented about his last name and asked about his

nationality. Vukadinovich submits that  Kadolph told him that the School would be hiring a

younger, more energetic person for the position. Thereafter, Jerald Loza was offered the

position. Vukadinovich insists that age was a motivating factor in hiring Loza.

Vukadinovich also alleges that he was not hired because of his national origin, Serbian.

Vukadinovich asserts that on September 23, 2002, while he was in the Administration Building

for Hammond, the Assistant Superintendent, Donald Sohacki, referred to him as "Serbian scum"

and stated that Hammond would not hire Serbian scum.

Having employed the familiar standard for summary judgment motions and the standard

for age discrimination claims, the Court finds that Vukadinovich has created a genuine issue of

material fact as to whether he was not hired by Crown Point School Corporation because of his

age. Vukadinovich testified that, when he spoke with Principal Kadolph on August 22, 2002,

Principal Kadolph told him that no offer had been made to anyone at that time, but that he was

considering offering the position to a younger person, who was energetic and would be able to

go into the position with a great deal of spunk. This statement, if true, implies a discriminatory

intent on the part of Hammond and directly contradicts Hammond's evidence that it had offered

a job to Jerald Loza a day or two before Vukadinovich even applied for the position. Because the Court is prohibited from weighing the credibility of the Defendant's statement, it is left with no choice but to deny Hammond's motion for summary judgment. Accordingly, Hammond Defendants' motion for summary judgment as to the issue of age discrimination will be denied.

However, the Court arrives to the opposite result regarding Vukadinovich's claim of discrimination on the basis of national origin. While his grounds for relief are insufficient to warrant a discussion, suffice it to say that Sohacki's alleged "Serbian scum" comment was made a month after Hammond made the decision not to hire him. As such, the comment carries no inference that Vukadinovich's ethnic background influenced Hammond's decision not to hire him.

Likewise, the Court will deny Vukadinovich's Motion to Strike Hammond Defendants' Exhibit. Vukadinovich challenges one of Hammond's exhibits—a job offer letter to Loza—alleging that the letter is not signed or dated.  A review of the document in question reveals that the date appears at the top of the document rather than next to the signature line. Also, lack of a signature does not impact the admissibility of the document as the document is being used only to support Hammond's assertion that no vacancy existed at the time Vukadinovich applied for a position.

Accordingly, the Court grants in part and denies in part Defendants School City of Hammond and School City of Hammond Board of Trustees' motion for summary judgment. The Court grants summary judgment for the Defendants as to Vukadinovich's discrimination claim on the basis of national origin, and denies summary judgment as to Vukadinovich's claim of age discrimination. The Court has addressed the motions from the remaining defendants in separate

orders. *See* Fn.1 *supra*.

The Court denies  Vukadinovich's Motion to Strike Hammond Defendants' Exhibit (DE 166).

Confident that the Jury can separate the wheat from the chaff, the Court sets a trial scheduling teleconference for Tuesday, April 6, 2010, at 2:00 pm. The Court will initiate the call.

SO ORDERED on March 25, 2010.


s/ Joseph Van Bokkelen
Joseph Van Bokkelen
United States District Judge